IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Clarence Warren
  Plaintiff

v.                                    No.    1:CV00-1384

William F. Ward, Chairman,
Gary Lucht, Barbera Descher,
Richard Kipp, Benjamin Martinez,
Nicholas Muller, Sean Ryan,
Micheal Webster, et al.,
  Defendants

FILED
SCRANTON
AUG 07 2000
PER _____ DEPUTY CLERK

## CIVIL RIGHTS COMPLAINT
## WITH A JURY DEMAND

1. This is a §1983 action filed by **Clarence Warren**, alleging violation of his constitutional right's, and seeking declaratory judgement and injunctive relief.

### JURISDICTION

2. This is a civil right's action pursuant to 42 U.S.C. §1983; this Court has jurisdiction pursuant to 28 U.S.C. §1343. Plaintiff invokes the pendant jurisdiction of this Court.

3. **Section §1983** provides individuals with a private course of action when constitutional deprivations occur under color of state law, **Mertik v. Blalock**, 985 F.2D 1353 (6th Cir.1993).

### PARTIES

4. The plaintiff is **Clarence Warren**, an adult individual currently incarcerated at Rockview S.C.I. in Bellefonte, Pennsylvania.

5. The defendants are: **William F. Ward**, Chairman of the Pennsylvania Board of Probation and Parole (herein referred to as the board); and The following board members: **Gary Lucht**; **Barbera Descher**; **Richard Kipp** **Benjamin Martinez**; **Sean Ryan**; **Nicholas Muller**; **Michael Webster**; and

all other current board members not specifically named herein (et al). All defendants are, to the best of plaintiff's knowledge, members of the board. The fact that it now takes five (5) unanimous votes from members of the board in order for an applicant to gain parole is evidence in support of plaintiff's claim that at least five (5) members of the board share in the decision making process at any one time when deciding to either grant or deny parole to an applicant.

6. The conduct complained of was committed by the defendants while acting under the color of law. The conduct of the defendants deprived the plaintiff of right's, privileges, and/or immunities secured by the United States Constitution. **Each defendant is sued in their individual capacity.**

## CAUSE OF ACTION

7. The board invidiously discriminated against the plaintiff and other black inmates who have participated in the sex offenders program here at SCI Rockview (herein referred to as The S.O.P.). The board has violated the plaintiff's right to equal protection and due process of law, and has abused its discretion under color of law.

## FACTS

8. The plaintiff is a participant in the S.O.P. here at Rockview; the plaintiff and other black inmates who are or has been participants in this program have been interviewed by the board and consistently denied parole for various arbitrary reasons. The board has created a defacto system of discrimination that set separate standards for black and white inmates in the program here at Rockview. The board holds black inmates to a stricter standard of review than are white inmates. White inmates are granted parole at double the rates of black inmates. Since 1996 approximately 16 black sex offenders have been paroled from the S.O.P. here at Rockview; these inmates are: Leroy Spann; Terry Washington; Arthur Stewart; Arthur Washington; Kevin Nichols; Chris Meyers; Carl Johnson; James Rice; Henry Austin; Darrien Cameron; John Wescott; Thomas Baxter; Dale Moore; Michael Smalls; James Hancock; and Calvin Grier.

3

9. Over the same period of time the following white inmates were paroled by the board: <u>Allen Yeager</u>; <u>Steve Tormas</u>; <u>Dave Marinalli</u>; <u>William fascik</u>; <u>Ricky Wehr</u>; <u>Robert Colandra</u>; <u>Edward Abrams</u>; <u>Robert Evans</u>; <u>Robert Peterson</u>; <u>Randall Wray</u>; <u>Robert Bowers</u>; <u>Edward Ozosky</u>; <u>Mike Tiano</u>; <u>Terry Engle</u>; <u>Donnie Stat</u>; <u>Joseph Tubbs</u>; <u>Mike Bragg</u>; <u>Edward Hudak</u>; <u>Kenny Gungacker</u>; <u>Kenneth Stem</u>; <u>Eddie Kyle</u>; <u>Robert Wolk</u>; <u>Mark Coldsmith</u>; <u>William allison</u>; <u>Jeff Markey</u>; <u>Edward Smith</u>; <u>Mark McBride</u>; <u>George Farr</u>; <u>Edward Bulovas</u>; <u>John Dywer</u>; <u>Ronald Price</u>; <u>John Sacik</u>; <u>Darryl Deep</u>; <u>Owen Ginnery</u>; <u>Fred Hyatt</u>; <u>Mike Cseripko</u>; <u>Edward Koller</u>; <u>Fred Schwartz</u>; <u>John Boyle</u>; <u>Lester Nenninger</u>; <u>Gary Oley</u>; <u>Keith Strine</u>; <u>Edward Yonek</u>; <u>Larry Dixon</u>; <u>Clyde Seymour</u>; <u>Michael Boggess</u>; <u>Fred Dicts</u>; <u>John Jordan</u>; <u>Samuel Megina (Medina)</u>; <u>Nicholas Crowley</u>; <u>Edward Shimko</u>; <u>Thomas Hetrick</u>; <u>Richard Hovis</u>; <u>James Jansons</u>; <u>Carl Mason</u>.

10. A total of (55) white sex offenders have been paroled since 1996, as compared to the 16 named black inmates. All named black inmates had a recommendation for parole from the Department of Corrections (hereafter D.O.C.); additionally, (a) white inmates have been paroled from the intermediate level of therapy; and no black inmates have paroled from that level; (b) white sex offenders have been paroled without a favorable recommendation from the D.O.C., and black inmates have not. Plaintiff has been denied parole on at least three successive occasions under the same circumstances in which white inmates were granted parole.

11. The board had abused its discretion in denying parole to plaintiff under the same circumstances in which it granted parole to white inmates. The board has unfettered discretion in deciding whether to grant or deny parole; and the board uses that discretion against black inmates. Discretion is abused when "the law is overridden or misapplied, or the result of partiality, prejudice, bias, or ill will as shown by the evidence or the record, **Commonwealth v. Chambers**, 546 **Pa. 370, 387, 685 A.2D 96, 104 (1996) quoting Mielcuszny, 317 Pa. at 93-94, 176 A. at 236.**

## SUMMARY

The plaintiff has claimed and shown some evidence that the defendants have employed a defacto system of discrimination that sets separate and different standards and procedures for review of black and white sex offenders here at Rockview; and that those procedures employed disadvantaged plaintiff and other black inmates from the S.O.P..

The plaintiff has claimed and shown some evidence that the board has abused its discretion by exercising prejudice, bias, and ill will towards plaintiff and other black inmates.

## RELIEF REQUESTED

**Wherefore**, plaintiff respectfully requests that this Honorable Court grant the following relief:

1. Issue a declaratory judgement that the defendants violated the plaintiff's right's to equal protection when they failed to give equal and fair review to plaintiff because of race, thereby violating constitutional equal protection guidelinesk.

2. Issue an injunctive order restraining defendants from exercising discretionary authority in a discriminatory and illegal manner, and restraining defendants from any manner of retaliation against plaintiff.

July 25, 2000

Respectfully Submitted
Clarence Warren
Plaintiff, pro se